Richard Charles BRADENBURG,
Plaintiff–Appellant,

v.

William C. BEAMAN,
Defendant–Appellee.

Richard Charles BRADENBURG,
Plaintiff–Appellant,

v.

Duane SHILLINGER, Warden et al.,
Defendants–Appellees.

Nos. 80–1645, 80–1646.

United States Court of Appeals,
Tenth Circuit.

Submitted Sept. 3, 1980.

Decided Oct. 16, 1980.

Richard Charles Bradenburg, pro se.

Charles E. Graves, U. S. Atty., and Jeffrey C. Fisher, Asst. U. S. Atty., Cheyenne, Wyo., for defendant–appellee William C. Beaman.

Before SETH, Chief Judge, and PICKETT and SEYMOUR, Circuit Judges.

PER CURIAM.

After examining the briefs and the appellate records, this three–judge panel has determined unanimously that oral argument would not be of material assistance in the determination of these appeals. *See* Fed.R. App.P. 34(a); Tenth Circuit R. 10(e). The causes are therefore ordered submitted without oral argument.

The captioned cases are illustrative of the problems encountered by federal district courts in dealing with pro se litigants, especially when simple procedural requirements are ignored.

From the records in these two cases, it appears that in April of 1980 appellant Bradenburg tendered to the district court a pleading styled a habeas corpus/civil rights complaint. The complaint was stamped "filed," apparently before certain irregularities were discovered.

Appellant's complaint was subsequently returned to him by the clerk for failure to comply with local rules on proper use of certain forms and because there appeared to be an inconsistency between appellant's poverty affidavit and the inmate account balance sheet. Only a quick review of the inmate balance sheet submitted is needed to understand how the figure "125" could be interpreted as $125.00 instead of the correct amount of $1.25. Furthermore, the error was brought to the attention of the clerk shortly thereafter.

The next document submitted was Bradenburg's motion for refiling with numerous attachments, motions, and an accurate reflection of his economic status. For reasons not readily apparent, this document was tendered approximately April 16, but was not stamped filed until June 19. Included in this package was the habeas corpus/civil rights complaint Bradenburg had earlier submitted.

On May 16, Bradenburg lodged a civil rights complaint pursuant to 42 U.S.C. § 1983 directed against the clerk. In this complaint, Bradenburg alleged the clerk had libeled him (Bradenburg) by returning the April submission because of the apparent discrepancy over Bradenburg's poverty status. We note too that the May 16 submission also failed to comply with the rules for filing complaints. This matter was dismissed with prejudice on the grounds of immunity on May 22. The appeal from this dismissal is our case number 80–1645.

Meanwhile, on May 21, Bradenburg dispatched to the district court a petition for writ of mandamus or prohibition against the clerk, claiming denial of access to the courts. Bradenburg was apparently demanding a ruling on his motion to refile the civil rights complaint. On June 19 the trial court denied the motion for refiling based on noncompliance with the rules. This is our case number 80–1646.

The forms and procedures for filing petitions and motions under 28 U.S.C. §§ 2241, 2254, 2255, 42 U.S.C. § 1983, and Fed.R. Crim.P. 35 were approved by the circuit and district judges of the Tenth Circuit sitting in executive session at Hot Springs, Arkansas, on June 30, 1976. These uniform rules were adopted by Local Rule 26 of the Wyoming District Court, which also provides that the clerk will furnish the necessary forms and instructions upon request.

These forms were painstakingly devised not only to promote judicial efficiency in processing pro se litigation, but particularly to assist lay prisoners in understanding the types of claims cognizable under the various statutes. In these cases appellant Bradenburg, instead of filling in the appropriate spaces and attaching no more than two additional 8½ by 11–inch pages to answer question 14, typed in the words "see attached forms." He then proceeded to attach a separately drafted complaint citing both 28 U.S.C. § 2254 *and* 42 U.S.C. § 1983.

■ Further confusion was promoted by appellant in the statement of his claim for relief. He is not attacking his state sentence or alleging unconstitutional confinement thereunder. No evidence of exhaustion of state remedies is alleged. Clearly the use of 28 U.S.C. § 2254 as a jurisdictional basis for the complaint was improper, which Bradenburg could have determined by reading the instructions to the filing rules.

■ Also cited is 42 U.S.C. § 1983. An action challenging denial of access to the courts because of an inadequate law library may be brought pursuant to this statute. *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct.

1491, 52 L.Ed.2d 72 (1977). However, Bradenburg states in his "Summary Statement," his prayer "that this court grant this Writ of Habeas Corpus so that I may be free to pursue my constitutionally guaranteed rights of due process and equal access." We are unaware of any interpretation of § 1983 granting a prisoner *release from custody* so that he may frequent the law library of his choice.

■ The constitutional right of access to the courts encompasses many collateral components, of which access to an adequate law library is but one factor. In his brief on appeal Bradenburg argues he is being denied access to the courts because of an extension of time granted the state in which to comply with a 1979 district court order to improve the prison law library. This contention has not been presented to the district court and, of course, is not properly before this court.

We hold that the trial court did not err in refusing to entertain the tendered habeas corpus/civil rights complaint for failure of appellant Bradenburg to follow the directions under Local Rule 26. It is incumbent on litigants, even those proceeding pro se, to follow the federal rules of procedure. *See United States v. Lucas*, 597 F.2d 243 (10th Cir. 1979). The same is true of simple, nonburdensome local rules such as this.

■ As to the § 1983 action against the clerk for carrying out the provisions of Local Rule 26 and for questioning appellant's poverty status, no federal constitutional violation has been stated. Appellant has not been denied access to the courts by being advised to resubmit his documents, nor has he been libeled by the clerk's understandable misinterpretation of the prison account statement.

Upon proper compliance with the appropriate rules for filing his lawsuit, appellant may proceed anew in the district court.

The judgments in 80–1645 and 80–1646 are affirmed. The mandates shall issue forthwith.