7 F.3d 1046
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Marvin R. WASHINGTON, Plaintiff-Appellant,
v.
Ron CHAMPION and Dan Reynolds, Defendants-Appellees.
 No. 93-5093.
 United States Court of Appeals, Tenth Circuit.
 Oct. 5, 1993.
 
 Before LOGAN, MOORE, and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R.34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Marvin R. Washington, a state inmate at the Dick Conner Correctional Center (DCCC) in Hominy, Oklahoma, appearing pro se, appeals the dismissal of his 1983 complaint alleging certain prison wardens violated his constitutional rights when he was transferred for a period of time to the Oklahoma State Penitentiary (OSP) in McAlester, Oklahoma. In this appeal, Mr. Washington challenges only the violation of his rights under the Fifth and Eighth Amendments. We have carefully reviewed the record, however, and must agree the district court properly dismissed the complaint.
 
 
 3
 Early in the morning of May 18, 1992, Mr. Washington, classified a medium-security risk, was transferred to OSP, a maximum security facility. He was returned to DCCC sometime in September 1992. At OSP, Mr. Washington alleged he was kept in an underground cell without telephone or visiting privileges and was forced to double-cell with an inmate who had AIDS. Mr. Washington therefore maintained his Fifth Amendment right to due process was violated because prison officials offered two different explanations for his transfer[2] and failed to afford him a hearing before the transfer; and his Eighth Amendment right to be free from cruel and unusual punishment was violated by incarcerating him with an inmate who had AIDS. Mr. Washington named Ron Champion and Dan Reynolds, then wardens at DCCC, as defendants who, acting under color of state law, had conspired to violate these constitutional rights under 42 U.S.C.1983.
 
 
 4
 As found by the magistrate judge and adopted by the district court, however, defendants' actions do not violate the Fifth Amendment. An inmate has "no justifiable expectation" to be incarcerated in any particular facility or location, Olim v. Wakinekona, 461 U.S. 238, 245-46 (1983), and may even be transferred out-of-state if necessary. Id. at 247. The decision to transfer is well within prison officials' discretion and, thus, remains beyond the scrutiny of judicial review. Mr. Washington cannot claim a protected liberty interest in his incarceration in any particular facility. The district court therefore properly dismissed his due process claim.
 
 
 5
 "[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, --- U.S. ----, 113 S.Ct. 2475, 2480 (1993). Moreover, the Eighth Amendment embraces those threats to personal safety that may "pose an unreasonable risk of serious damage to [ ] future health." Id. at 2481. Nevertheless, even construing Mr. Washington's complaint under the liberal pleading standards we afford pro selitigants, Brandenburg v. Beaman, 632 F.2d 120 (10th Cir.1980), cert. denied, 450 U.S. 984 (1991), Mr. Washington, who was transferred back to DCCC, sets forth no basis for a condition of confinement that is cognizable for redress under the Eighth Amendment. The district court, therefore, properly dismissed his complaint.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [2]
 In one affidavit, a prison official stated Mr. Washington was transferred because he posed a security risk at DCCC. In another affidavit, another prison official stated the transfer occurred to relieve overcrowding at DCCC