UNITED STATES COURT OF APPEALS

<u>Filed 8/23/96</u>

FOR THE TENTH CIRCUIT

WALTER WRIGHT,

    Plaintiff-Appellant,

v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY, STATE FARM LIFE
INSURANCE COMPANY, INC.,
STATE FARM FIRE AND
CASUALTY COMPANY, STATE
FARM GENERAL INSURANCE
COMPANY,

    Defendants-Appellees.

No. 96-3014
(D.C. No. 94-2401-GTV)
(D. Kan.)

ORDER AND JUDGMENT[*]

Before ANDERSON, LOGAN, and MURPHY, Circuit Judges.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff commenced an action against defendants alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17, race discrimination in violation of 42 U.S.C. § 1981, intentional infliction of emotional distress, negligent infliction of emotional distress, and breach of contract. The district court granted summary judgment in favor of defendants. Plaintiff appealed.

He first argues on appeal that because, as a pro se litigant, he did not know the proper procedures for responding to defendants' summary judgment motion, the district court should have held a jury trial. This argument is without merit, as it is settled in this circuit that pro se litigants are required to follow the Federal Rules of Civil Procedure. See Bradenburg v. Beaman, 632 F.2d 120, 122 (10th Cir. 1980), cert. denied, 450 U.S. 984 (1981).

Plaintiff next argues that the district court improperly granted summary judgment because there was no factual evidence to support summary judgment and the case should have been tried to a jury. Plaintiff believes that the district

court did not look at the facts he presented and that defendants' evidence was false.

> We review the grant or denial of summary judgment de novo, applying the same legal standard used by the district court pursuant to Fed. R. Civ. P. 56(c). Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. When applying this standard, we examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. If there is no genuine issue of material fact in dispute, then we next determine if the substantive law was correctly applied by the district court.

> While the movant bears the burden of showing the absence of a genuine issue of material fact, the movant need not negate the non-movant's claim, but need only point to an absence of evidence to support the non-movant's claim. If the movant carries this initial burden, the non-movant may not rest upon [his] pleadings, but must set forth specific facts showing a genuine issue for trial as to those dispositive matters for which [he] carries the burden of proof. An issue of material fact is genuine if a reasonable jury could return a verdict for the non-movant.

Wolf v. Prudential Ins. Co., 50 F.3d 793, 796 (10th Cir. 1995)(citations and quotations omitted). Also, in reviewing a ruling on summary judgment, we will not consider evidence not before the district court. John Hancock Mut. Life Ins. Co. v. Weisman, 27 F.3d 500, 506 (10th Cir. 1994).

After examining the briefs and record on appeal, we conclude the district court correctly granted summary judgment in favor of defendants. We uphold the grant of summary judgment for substantially the reasons stated by the district

-3-

court in its thorough twenty-seven page memorandum and order filed December 14, 1995.

The judgment of the United States District Court for the District of Kansas is AFFIRMED. Defendants' motion to strike the portions of plaintiff's brief that rely on matters not before the district court and to strike the exhibits attached to his brief that were not before the district court is GRANTED. See Aero-Medical, Inc. v. United States, 23 F.3d 328, 329 n.2 (10th Cir. 1994)(court of appeals will not review evidence not before district court). Defendants' motion to supplement the record on appeal with the exhibits to their motion for summary judgment, which was provisionally granted but deferred to this panel for final determination, is GRANTED. Plaintiff's request for oral argument is DENIED. The mandate shall issue forthwith.

Entered for the Court

Stephen H. Anderson
Circuit Judge