**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 14 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

RAYMOND MARTINEZ,

      Plaintiff - Appellant,

vs.

MICHAEL A. OBERMEYER; BRIAN
MCCOY; ED CAMP; HARRY
NIMROD; LEE ZWEIGLE; ARISTEDES
W. ZAVARAS; JOHN JUBIC; and
RICHARD MARR,

      Defendants - Appellees.

No. 97-1017
(D.C. No. 96-S-2217)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before BRORBY, EBEL, and KELLY, Circuit Judges.[**]

Mr. Martinez, an inmate appearing pro se and in forma pauperis, appeals from the

dismissal of his civil rights action in which he seeks federal declaratory, injunctive and

monetary relief based upon a Colorado conviction. To the extent that Mr. Martinez is

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

proceeding under 42 U.S.C. § 1983, the claims are obviously barred by the rule announced in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). On the other hand, a federal challenge to the fact of conviction or confinement, or the duration of confinement, is cognizable only under habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973), with its requirement of exhaustion of state remedies, 28 U.S.C. § 2254(b)(1)(A); Preiser, 411 U.S. at 499 n.14.

The district court dismissed the action without prejudice based upon noncompliance with its order requiring Mr. Martinez to file his 28 U.S.C. § 1915 motion and civil rights complaint on official forms and furnish a certified copy of his trust fund account, all within thirty days. Aplt. App. 49-54. We find no abuse of discretion. See Bradenburg v. Beaman, 632 F.2d 120, 122 (10th Cir. 1980) (per curiam), cert. denied, 450 U.S. 984 (1981).

AFFIRMED. All pending motions are DENIED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge