F I L E D
United States Court of Appeals
Tenth Circuit

DEC 6 2004

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

DERRICK O. BRIAN DAILY,

        Plaintiff - Appellant,

v.

THE MUNICIPALITY OF ADAMS
COUNTY, COLORADO, JUDGE
JOHN DOE # 1; ROBERT
ESPINOZA; JOHN SUTHERS; KEN
SALAZAR; JOHN VIGIL, Judge;
ROBERT GRANT; MARY
BECKERMAN; CANDACE
CARLSON; DEBRA DODD; DANIEL
BOWEN; GENE CIANCO; GLORIA
STEVENSON; MELVIN
STEVENSON; JUANITA
STEVENSON, DBA Rose of Sharon
Incorporated Melvin and Gloria
Stevenson of 5306 & 5309 North
Lincoln St.; JOHN DOE # 2; MS.
JOSIE (last name unknown) DBA
Rose of Sharon Incorporated; JOHN
C. BITTERMAN; SANDRA
BITTERMAN; DEPUTY KENNEDY;
MELANIE GREGORY; W. T. BILL
SHEARER; GEORGE MATHIAS;
SGT. MCINTOSH; DEPUTY
ADULLA; MARTHA ELLIS;
CANDACE WUCTHER; I. T. J.
COATES, Detective; RANDY SAN
NICHOLAS; DEPUTY HOLIDAY;
DEPUTY BEN JOSEPH; FRANK
SHEESLY; NINA SHUBERT;
CYNTHIA A. ALLEN; JOHN DOE
# 3; NURSE CRISTA; JOHN DOE
# 4; DR. KAHALAMARAGHA,

No. 04-1038

(D.C. No. 03-ES-1764)

(D. Colorado)

JOHN DOE # 5; DEPUTY SANDERS,
In Personal Capacities, Individual
Capacities, and Official Capacities;
PRISON HEALTH SERVICES, INC.,
actually named as Prison Health Care
Services, Inc.; all defendants who are
unknown and who have conspired to
remain unknown,

Defendants - Appellees.

---

**ORDER AND JUDGMENT** [*]

---

Before **BRISCOE** , **McKAY** , and **HARTZ** , Circuit Judges.

---

Plaintiff Derrick O. Brian Daily appeals pro se the district court's dismissal of his civil-rights complaint for failure to file his complaint on a court-approved form. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Plaintiff filed in the United States District Court for the District of Colorado a "Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915" and a "Motion for Extention [sic] of Filing Time on State Law

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Claims." On September 11, 2003, the magistrate judge determined that the filed documents were deficient, but ordered the clerk to commence a civil action. The magistrate judge ordered Plaintiff to submit a copy of his prisoner's trust-fund statement and a complaint within 30 days, and ordered the clerk to mail Plaintiff two copies of the court's Prisoner Complaint form. Local Civil Rule 8.2 for the District of Colorado requires pro se prisoners to "use the forms established by this court to file an action." D. Colo. L. Civ. R. § 8.2(A).

Plaintiff timely filed the certified trust-fund statement and a 63-page complaint, but failed to file the complaint on the court-approved form. The magistrate judge recognized that Plaintiff incorporated some of the information required by the form in his complaint but that it was "not all inclusive." R. Doc. 11. Specifically, Plaintiff failed to incorporate the information required on page seven of the court-approved form concerning previous lawsuits and exhaustion of administrative remedies. Plaintiff's complaint also identified some defendants in the text who were not listed in the caption and referred to some defendants differently in the text than in the caption. In his Second Order to Cure Deficiency, filed on October 21, 2003, the magistrate judge once again gave Plaintiff 30 days to file his complaint on the court-approved form, warning that failure to comply would result in dismissal of the complaint without prejudice.

Instead of curing the deficiency, on October 30, 2003, Plaintiff filed a notice of appeal. On December 2, 2003, the district court denied Plaintiff's motion to proceed *in forma pauperis* on appeal because no final order had yet been issued. We dismissed the appeal on August 10, 2004, for lack of jurisdiction. In the meantime the district court had issued an order on December 15, 2003, dismissing Plaintiff's complaint without prejudice for failure to cure the deficiencies the magistrate judge had identified earlier. Plaintiff's current appeal is from that order.

Plaintiff argues that the district court erred by applying a heightened pleading standard more stringent than Federal Rules of Civil Procedure 8 and 9 require, and by failing to apply a less stringent standard to his pro se complaint. We disagree. Although courts should construe the pleadings of a pro se litigant liberally, such petitions still must comply with minimum requirements established by local rules. *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Federal Rule of Civil Procedure 83 allows local rules imposing form requirements to be enforced unless the failure to comply is "nonwillful." Fed. R. Civ. P. 83(a)(2). The magistrate judge twice instructed Plaintiff to file his complaint on the court-approved form, warning of dismissal for failure to comply. It cannot be said that Plaintiff's failure to comply with Local Rule 8.2 was "nonwillful."

Further, Plaintiff cannot claim that his complaint provided the court with the same information required by the court-approved Prisoner Complaint form. Nowhere in Plaintiff's 63-page complaint does he disclose whether he has filed another lawsuit in federal or state court while incarcerated. Nor does Plaintiff describe in his complaint any formal grievance procedure at his institution or allege that he has exhausted his available administrative remedies. It is not unreasonable that the local rules require such information for prisoner complaints. First, a prisoner ordinarily cannot proceed *in forma pauperis* under 28 U.S.C. § 1915, as Plaintiff wished to do, if the prisoner, while incarcerated, has brought three or more claims that have been dismissed as frivolous or malicious, or for failure to state a claim. 28 U.S.C. § 1915(g). Second, 42 U.S.C. § 1997 precludes prisoners from bringing §1983 actions until they exhaust their administrative remedies. 42 U.S.C. § 1997(e)(a). As we held in *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003), a prisoner's § 1983 complaint that does not plead exhaustion of remedies is subject to dismissal.

Additionally, since Plaintiff does not list defendants consistently in his caption and in the body of his complaint, it is impossible to tell whether he is suing them in their official or individual capacities. For instance, the caption of Plaintiff's complaint names "John Suthern" [sic] and "Ken Salazar." R. Doc. 7 at 1. But in the section of his complaint in which Plaintiff provides the names and

addresses of defendants, he lists "United States Attorney General of Colorado, Mr. John Suthers" and "Attorney General of Colorado, Mr. Ken Salazar." *Id.* at 9-10. Also, Plaintiff includes defendants in his complaint whom he fails to list in the caption: examples are Assistant Deputy District Attorney, Mr. Joseph Baca; The Detention Facility Administrator, Lieutenant Grannis; and Sergeant Caldwell.

In this circumstance, the district court did not err in dismissing the complaint for Plaintiff's failure to use the required form. We AFFIRM the dismissal of Plaintiff's complaint. We DENY Plaintiff's "Motion to Proceed On Appeal Without Prepayment of Costs or Fees." Plaintiff is directed to make immediate payment of the entire appellate filing fee.

Finally, we DENY Plaintiff's "Motion for Summary Judgment And Motion for Default Judgment," "Motion for Status Report of Appeal," "Motion for Civil Contempt of Attorney General 'Mr. Ken Salazar,'" and all other pending motions.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge