**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 29, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

JEFFREY SCOTT DURHAM,

     Plaintiff - Appellant,

v.

HARLEY G. LAPPIN; HARREL
WATTS; MICHAEL K. NALLEY; J.
JONES; ROB BAUER; B.
GREENWOOD; S. NAFZIGER;
NORA GLADBACH; A. OSAGIE; Y.
FETTERHOFF,

     Defendants - Appellees.

No. 09-1100
(D. Colo.)
(D.Ct. No. 1:08-CV-02165-ZLW)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **McKAY**, and **O'BRIEN**, Circuit Judges.
_____

     After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1. The case is therefore

ordered submitted without oral argument.

_____

    [*] This order and judgment is not binding precedent. 10th Cir. R. 32.1(A). Citation
to orders and judgments is not prohibited. Fed. R. App. 32.1. But it is discouraged,
except when related to law of the case, issue preclusion or claim preclusion. Any citation
to an order and judgment must be accompanied by an appropriate parenthetical notation --
(unpublished). 10th Cir. R. 32.1(A).

Jeffrey Scott Durham, a federal prisoner appearing pro se, appeals from the district court's dismissal without prejudice of his civil rights complaint for failure to abide by the court's local rules.[1]  We affirm.

## I. BACKGROUND

On October 7, 2008, Durham filed a complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), alleging various prison officials violated the Eighth Amendment by failing to provide him adequate medical care, namely, a timely visit to an optometrist to replace his lost eyeglasses.  The complaint was not filed on a court-approved prisoner complaint form as required by Local Rule 8.2(A) of the United States District Court for the District of Colorado.[2]  The magistrate judge directed Durham to cure the deficiency within thirty days and warned him a failure to timely cure the deficiency would result in dismissal of the case.  The judge directed the clerk to provide Durham a copy of the court-approved prisoner

---

[1] Although a dismissal without prejudice is usually not a final decision, where the dismissal finally disposes of the case so that it is not subject to further proceedings in federal court, the dismissal is final and appealable.  The critical determination as to whether an order is final is whether plaintiff has been effectively excluded from federal court under the present circumstances. *Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1275 (10th Cir. 2001) (citation and quotations omitted).  Because the district court's dismissal without prejudice disposed of the entire case, effectively excluding it from proceeding in federal court, it is final and appealable. *See id.*

[2] Local Rule 8.2(A) provides: "A *pro se* prisoner shall use the forms established by this court to file an action.  Upon request, the clerk shall provide copies of the necessary forms and instructions for filing an action."

complaint form.

Durham filed objections to the magistrate judge's order. He said the action could not be dismissed for failing to comply with the local rule because:

> [He] substantially followed the court supplied form, and [he] would have been prevented from including essential aspects of his claim due to the wholly inadequate form the court supplies; [he] would have been forced to attach pages in every section of the court supplied form, which would have resulted in a very confusing complaint, as opposed to the proper complaint [he] submitted. Requiring [him] to use the court supplied form to submit the complaint, when the court does not require attorneys or non-prisoners to use the complaint forms violates [his] rights afforded by the Equal Protection Clause of the Fifth Amendment to the U.S. Constitution.

(R. Vol. 1 at 109 (quotations omitted).)

The district court overruled Durham's objections. It said its local rules require all pro se litigants to use court-approved forms and substantial compliance with the rule was insufficient. The court found Durham's claims could adequately be presented using the court's prisoner complaint form and the fact Durham may have to attach pages to the form did not excuse his noncompliance. It gave Durham an additional thirty days in which to file his complaint on a court-approved form.

On December 31, 2008, Durham filed a complaint on the court-approved prisoner complaint form. Most of the form was left blank, simply stating "SEE CONTINUATION OF THIS SECTION," obviously referring to the original complaint. (*Id.* at 119-23.) He also filed a pleading entitled "Plaintiff Hereby

Cures the Remaining Deficiency and Shows Good Cause as to Why the Court-Approved Complaint Forms are Inadequate for Plaintiff to File a Legally Effective Complaint." (*Id.* at 126.) In this pleading, he alleged he had cured his original complaint's deficiency by filing a "supplement . . . utilizing the 'court-approved' complaint forms . . . ." (*Id.*) He again objected to his having to use the court-approved form. Durham claimed the fact attorneys are not required to use the form demonstrates it is unnecessary and violates his Fifth Amendment right to Equal Protection. He also said he should be excused from complying with the local rule because his original complaint complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, contained all information necessary to enable the court to adequately review his claims and substantially followed the format of the court-approved prisoner complaint form. He further asserted the court-approved form was inadequate because it contained insufficient space and therefore he would have had to attach pages to it, making it more confusing than his original complaint.

The magistrate judge determined the December 31 complaint did not comply with the court's previous orders. The judge also said Durham's arguments for why he should be excused from using the court-approved form had already been rejected by the district court. He informed Durham a cursory review of the original complaint revealed it did not comply with Rule 8's pleading requirements. Because his complaint could be significantly shorter, the judge

-4-

concluded Durham would not be prejudiced by the enforcement of Local Rule 8.2(A). Despite Durham's failure to abide by the court's prior orders, the magistrate judge provided him one final opportunity to file an amended complaint on the court-approved prisoner complaint form. The judge warned that a failure to timely file an amended complaint on the court-approved form would result in dismissal of the action without further notice.

Durham again objected to the magistrate judge's order repeating his previous arguments. The district court overruled the objections and dismissed the action without prejudice due to Durham's failure to file an amended complaint on the court-approved prisoner complaint form as he was directed to do.

## II. DISCUSSION

We review for an abuse of discretion the district court's dismissal of a case for failure to comply with its local rules. *See Murray v. Archambo*, 132 F.3d 609, 610 (10th Cir. 1998). No abuse of discretion occurred. Although Durham's pro se pleadings are entitled to a liberal construction, "he nevertheless must follow the same [local district court] rules of procedure that govern other litigants." *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Brandenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980). Rule 83(a)(2) of the Federal Rules of Civil Procedure allows for the enforcement of local rules imposing form requirements unless the failure to comply is "nonwillful." *See Daily v. Municipality of Adams County*, 117 Fed. Appx. 669, 671-72 (10th Cir. 2004)

(unpublished).[3] Durham's noncompliance was far from "nonwillful." Rather, he repeatedly refused to comply with the district court and magistrate judge's orders. His excuses for not complying with these orders are unacceptable. Compliance was not onerous—he merely had to file an amended complaint on the court-approved form. If more space was needed, Durham could have "use[d] extra paper" as the form explains. (R. Vol. I at 118-22.)

The fact Local Rule 8.2(A) requires pro se prisoners to file their complaints on a court-approved form does not violate Durham's equal protection rights. Prisoners are not suspect classes. *Curley v. Perry*, 246 F.3d 1278, 1285 n.5 (10th Cir. 2001). Thus, the rule "need only bear a rational relation to some legitimate end to comport with equal protection." *Id.* at 1285 (quotations omitted). Local Rule 8.2(A) rationally advances the legitimate goal of providing guidance to pro se prisoners as to the legal requirements of a complaint. Indeed, Local Rule 8.2(A) is for the prisoner's own benefit.

We also reject Durham's claim on appeal that the district court failed to consider his objection to the magistrate judge's finding that his December 31 complaint did not comply with the court's prior orders. The court did not address this argument because he never raised it. Moreover, because the December 31

---

[3] Unpublished opinions are not binding precedent. 10th Cir. R. App. P. 32.1(A). We mention *Daily* as we would opinions from another circuit, persuasive because of their reasoned analyses.

complaint was largely left blank and obviously was intended only to serve as a supplement to Durham's original complaint, it did not comply with the court and magistrate judge's prior orders.

**AFFIRMED.** We **DENY** Durham's motion to proceed *in forma pauperis* on appeal. He is directed to remit the full amount of the filing fee within twenty days from the date of this Order and Judgment.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge