Edward J. STOLA, Plaintiff,

v.

**The JOINT INDUSTRY BOARD, et ano., Defendants.**

Nos. 94 Civ. 2222 (LAK), 94 Civ. 2543 (LAK).

United States District Court, S.D. New York.

July 10, 1995.

---

William M. Laviano, for plaintiff.

Douglas Menagh, Menagh, Trainor, Mundo & Falcone, P.C., for defendant The Joint Industry Bd.

## MEMORANDUM OPINION

KAPLAN, District Judge.

The Joint Industry Board ("JIB"), the only remaining defendant, moves for summary judgment dismissing these actions, which seek backpay and reinstatement of plaintiff, who was terminated as an apprentice electrician. Plaintiff claims that the termination violated Title VII of the Civil Rights Act and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, although plaintiff expressly has abandoned the Title VII claim.

*Facts*

Without unduly prolonging this memorandum, the record demonstrates that plaintiff had a tumultuous career as an apprentice. Over the period August 9, 1990 through September 15, 1992, he was assigned to numerous contractors and terminated, often after only brief work periods, by many of them. Evidence suggests that he was a troublesome, sometimes insubordinate employee and that he had difficulty, at least on some occasions, comprehending the work required. Toward the end of this period, the JIB claims, plaintiff engaged in threatening and menacing behavior on several occasions, necessitating his removal from the premises by security personnel. On one occasion, he allegedly tried to attack the business representative of Local 3 by climbing through the opening in a barred window similar to a bank teller's station. While plaintiff's Rule 3(g) Statement states that he disputes the alleged conduct, *see* ¶ 5, plaintiff has submitted no affidavit or other evidentiary material. Indeed, plaintiff states that "[t]he issue is not what happened and the seriousness of the conduct which may have occurred without reasonable accommodation, but rather whether plaintiff can perform with accommodations which are reasonable." (Pl.Br. at 3) The JIB's factual contentions with respect to plaintiff's alleged conduct therefore are established. *See Granoff v. Merrill Lynch & Co., Inc.,* 775 F.Supp. 621, 626–27 (S.D.N.Y. 1991), *aff'd without opinion,* 962 F.2d 2 (2d Cir.1992); *Herrera v. Scully,* 815 F.Supp. 713, 727 (S.D.N.Y.1993).

Plaintiff claims that the behavior complained of, if it occurred, was the product of a mental disorder known as general anxiety disorder. He contends that he is able to perform the essential functions of the apprenticeship program with reasonable accommodation for his disability, specifically psychotherapy and medication. Indeed, he states that the only issue of fact presented "is whether the plaintiff can perform the essential functions of a job, with reasonable accommodation." (Pl.Br. at 2) He has submitted the affidavit of a psychiatrist to the effect that he can. (*See* Benton Aff.) Significantly, however, plaintiff admits that he was

unaware of his own condition during the period prior to his termination and that he therefore did not inform the JIB of it or seek reasonable accommodation. (Pl.Br. at 2) Despite the fact that he submitted a note from a physician at one point attesting to his ability to return to work without restriction, he contends that the JIB was "on notice of a disability involving a mental disorder through [his] conduct." (*Id.*)

### Discussion

■ The ADA prohibits employment discrimination against persons with disabilities who are able to perform the essential functions of their jobs, either with or without reasonable accommodation. The term "disability" includes "a physical or mental impairment that substantially limits one or more of the major life activities of such individual...." 42 U.S.C. § 12102(2)(A).

■ Plaintiff claims, and the Court assumes *arguendo*, that plaintiff suffers from a mental impairment known as general anxiety disorder and that it was responsible for his aberrant behavior, thus substantially limiting one or more of his major life activities. In consequence, the Court assumes, without deciding, that plaintiff was terminated for behavior that was the direct result of a "disability" within the meaning of the Act. But this is only the starting point for analysis. The JIB here was confronted with an apprentice who repeatedly engaged in inappropriate, offensive and, on occasion, dangerous behavior. The real issue is whether the JIB was obliged at its peril to determine whether this behavior was the product of a disability and, if so, whether plaintiff could perform the essential functions of the job with reasonable accommodation.

■ The interpretative appendix to the regulations under the ADA addresses this issue, albeit inconclusively:

"Employers are obligated to make reasonable accommodation only to physical or mental limitations resulting from the disability of a qualified individual with a disability that is known to the employer. Thus, an employer would not be expected to accommodate disabilities of which it is

unaware. If an employee with a known disability is having difficulty performing his or her job, an employer may inquire whether the employee is in need of reasonable accommodation. In general, however, it is the responsibility of the individual with a disability to inform the employer that an accommodation is needed. When the need for an accommodation is not obvious, an employer, before providing a reasonable accommodation, may require that the individual with a disability provide documentation of the need for accommodation." 29 C.F.R. § 1630.9 (1994).

This guide establishes the general proposition that the employer is obliged to accommodate only those disabilities that are obvious or called to its attention by the employee. As it is undisputed that plaintiff was unaware of his own alleged disability and did not bring it to JIB's attention, we are left with the issue of obviousness.

In one sense, of course, plaintiff's condition was obvious—his behavior obviously was inappropriate and incompatible with the proper performance of his functions. What was not obvious was, to quote plaintiff's expert, "the etiology of the employee's behavior as opposed to the severity of the disruption." (Benton Aff. ¶ 24) Put another way, there appears to have been nothing to suggest to the JIB, again as plaintiff's expert says, that "Mr. Stola's conduct [was] not 'poor judgment and mere misbehavior' but rather a recognized mental disorder which is treatable and remediable so that Mr. Stola should be able to perform on a stable basis." (*Id.* ¶ 22)

■ The Act, of course, proscribes "discriminat[ion] against a qualified individual *because of* [a] disability ..." 42 U.S.C. § 12112(a) (emphasis added). If the employer acts without knowledge of the disability, it cannot reasonably be viewed as discriminating "because of" that disability. *See, e.g., Sharp v. Abate,* No. 93 Civ. 4357, 1995 WL 367095, at *5 (S.D.N.Y. June 20, 1995) (no liability for denial of transfer request from facility in which employee experienced allergic reaction where employer was unaware of reaction); *Smith v. Upson County, Ga.,* 859 F.Supp. 1504, 1514–15 (M.D.Ga.1994) (requiring causal connection between adverse em-

ployment action and disability), *aff'd without opinion,* 56 F.3d 1392 (11th Cir.1995).

Here it is undisputed that behavior such as that which resulted in plaintiff's termination could have been the product of "poor judgment and mere misbehavior," *see Daley v. Koch,* 892 F.2d 212, 215 (2d Cir.1989) (" 'poor judgment, irresponsible behavior and poor impulse control' do not amount to a mental condition that Congress intended to be considered an impairment" under the ADA), as well as general anxiety disorder. It manifestly would be unreasonable in such circumstances to hold the JIB responsible for failing to determine—in the absence of any such suggestion from plaintiff or the physician whose note he submitted to it—whether that behavior was the product of a mental disorder. *Cf.* 42 U.S.C. § 12101(b)(2) ("It is the purpose of this chapter—(2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities ..."). In consequence, defendant's motion for summary judgment dismissing the complaint is granted.

It should be emphasized that this is a narrow holding. The Court decides only that the JIB, given the information known and reasonably chargeable to it at the time, did not violate the ADA in terminating plaintiff in 1992.[1] Plaintiff of course is free to reapply to the apprenticeship program, and nothing in this decision should be construed to suggest that the JIB may reject any such application without regard to the ADA, particularly now that it is aware of the position of plaintiff's expert that plaintiff is suffering from a disability that, with reasonable accommodation, should not prevent him from performing the essential functions of the job.

SO ORDERED.

1. This conclusion disposes not only of the back-pay claim, but of the prayer for reinstatement as well. Reinstatement is available only upon a finding of intentional discrimination. 42 U.S.C. §§ 12117(a), 2000e–5(g).