**UNITED STATES COURT OF APPEALS**
**Tenth Circuit**
**Byron White United States Courthouse**
**1823 Stout Street**
**Denver, Colorado 80294**
**(303) 844-3157**

Patrick J.  Fisher, Jr.                                                                                          Elisabeth A. Shumaker
Clerk                                                                                                                      Chief Deputy Clerk

January 7, 1997


TO:   All recipients of the captioned opinion

RE:   No. 95-3306, Smith v. Blue Cross
        December 17, 1996


Please be advised of the following correction to the captioned decision:

Due to a typographical error, the firm name of counsel for Defendant-Appellee reads "Morrison & Becker."  The correct name is "Morrison & Hecker."

Please make the appropriate correction.

Very truly yours,

Patrick Fisher, Clerk


Susan Tidwell
Deputy Clerk

PUBLISH

UNITED STATES COURT OF APPEALS

**Filed 12/17/96**

TENTH CIRCUIT

_____

CYNTHIA SMITH, )
)
    Plaintiff-Appellant, )
)
v. ) NO. 95-3306
)
BLUE CROSS BLUE SHIELD )
OF KANSAS, INC., )
)
    Defendant-Appellee. )

_____

Appeal from the United States District Court
for the District of Kansas
(D.C. No. 94-4053)

_____

Beth Regier Foerster of McCullough, Wareheim & LaBunker, P.A., Topeka, Kansas, for
Plaintiff-Appellant.

Alan L. Rupe of Morrison & Becker, L.L.P., Wichita, Kansas, for Defendant-Appellee.

_____

Before **BALDOCK, McWILLIAMS**, and **RONEY***, Circuit Judges.

_____

RONEY, Senior Circuit Judge:

_____

_____

    *The Honorable Paul H. Roney, Senior Circuit Judge for the Eleventh Circuit,
sitting by designation.

Cynthia Smith sued her former employer, Blue Cross Blue Shield of Kansas, alleging discrimination against her in violation of the Americans with Disabilities Act (ADA). 42 U.S.C. §§ 12101-12213. We affirm the summary judgment in favor of Blue Cross, because Smith's evidence does not show discrimination under the ADA.

The ADA prohibits discrimination against disabled persons who are otherwise "qualified individuals" for employment. A qualified individual is one who can perform the essential elements of the job with or without reasonable accommodation. *White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995).

Smith alleged her disability was an anxiety disorder that arose from the stress of advising insureds by telephone of the reasons for the denial of their insurance benefits.

Employed in 1989, Smith began working as a correspondent in 1991. Correspondent work involved extensive telephone contact with Blue Cross insureds who were inquiring of the status of their claims for benefits. There is no doubt that the district court correctly concluded from the undisputed evidence that Smith is not qualified to work as a correspondent. The essential function of the correspondent position was to respond to telephone inquiries about the denial of claims. An accommodation that eliminates the essential function of the job is not reasonable. **Hall v. United States Postal Service**, 857 F.2d 1073, 1078 (6th Cir. 1988); *see also Larkin v. CIBA Vision Corp.*, 858 F.Supp. 1572 (N.D. Ga. 1994) (customer service representative unable to perform essential function of handling telephone calls from customers due to panic attacks was not

2

qualified individual under ADA). Assuming the correctness of the district court's decision that Smith was disabled within the meaning of the ADA, there was no accommodation that would permit her to do that job.

In December 1991, Smith first informed Blue Cross of the problem, made several requests for relief, supported these requests with doctors' written recommendations, and in November 1992, Blue Cross granted Smith's request for a demotion to an open position, clerk expediter/prescreener. It was undisputed that the duties of the clerk expediter/prescreener position do not include correspondent telephone work. The complaint so alleged, Smith submitted a co-worker's affidavit so stating, and the district court so found. Thus, the essential elements of the clerk expediter/prescreener job did not implicate Smith's alleged disability, and she was qualified without the need for accommodation.

On November 17, 1992, however, after working a week and a half as a clerk expediter/prescreener, a supervisor brought Smith a stack of papers which Smith claims were described as work from the correspondent's desk to assist with a heavy backlog. Smith did not look at the papers but claims that, fearing this work would inevitably involve stressful telephone contact with insureds regarding denial of their benefits, she suffered an immediate and severe panic reaction and emotional distress.

The following day, Smith was admitted to a hospital and diagnosed with panic disorder. She submitted a request for an open-ended medical leave. Smith's doctor and

therapist wrote to Blue Cross confirming the diagnosis and stating that they could not predict a return to work date. On January 11, 1993, after 55 days of leave, Blue Cross informed Smith that her position was being filled with a permanent replacement. That same month, Smith applied for and was granted total disability social security benefits retroactive to November 17, 1992. On May 28, 1993, Blue Cross terminated Smith's employment.

There is no doubt that Smith was not a "qualified individual" at the time she was terminated. By November 18, 1992, Smith was totally disabled. As of the date of her replacement or termination, Smith had presented no evidence of the expected duration of her complete disability. The district court noted that Smith conceded that she did not know if she would ever be able to return to work. An employer is not required to wait indefinitely for her recovery. *See Hudson v. MCI Telecommunications Corp*., 87 F.3d 1167, 1169 (10th Cir. 1996).

The argument that Blue Cross maintained a policy which prevents persons with a disability from being able to be treated and to improve their disabling condition to the point that they would be able to return to the same position is of no avail because there was no evidence as to when she would improve sufficiently to be able to return to her clerk expediter/prescreener position.

The argument that Blue Cross violated the Act by maintaining written policies and procedures which were discriminatory against disabled individuals suffering disability,

who, because of their medical treatment and injuries, are required to miss 45 days of work is irrelevant under the facts of this case.

This leaves the argument that Blue Cross violated the Act when her supervisor brought her correspondent work on November 17, 1992, and advised "her that they were going to be bringing her correspondent work due to the backlog on an ongoing basis."

The November 17, 1992, incident is not a failure to accommodate Smith's disability. There was no evidence that Smith would have been required to perform telephone work, only evidence of Smith's fear of this. There is no allegation that Blue Cross was on notice that Smith's workplace panic attacks could be triggered by anything other than actually engaging in correspondent telephone work. Resolving the disputed facts in favor of Smith, there is only evidence that one supervisor in one instance failed to be sufficiently sensitive to Smith's mental condition. This does not evince a failure to accommodate a known disability. *See* 29 C.F.R. § 1630.9; *Stola v. Joint Industry Bd.*, 889 F.Supp. 133 (S.D.N.Y. 1995).

The goals of the ADA are to "assure equality of opportunity, full participation, independent living, and economic self-sufficiency for . . . individuals [with disabilities]." 42 U.S.C. § 12101(a). To achieve these goals, Congress has attempted "to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities." 42 U.S.C. § 12101(b). Nothing in the ADA's express provisions or goals compels liability in this case. While an employer's knowing failure to accommodate

special sensitivities of individuals disabled by mental impairment may be actionable under the ADA, the Act is not intended to displace workers' compensation law for disabled persons in all cases or remedy every isolated incident of harm.

The district court correctly held that to the extent Smith was claiming an exacerbation of emotional distress by defendant's action and was attempting to raise a claim of personal injury, her remedy lies in tort or pursuant to the Worker's Compensation Act. *See Garcia-Paz v. Swift Textiles, Inc.*, 873 F. Supp. 547, 556 n.6 (D. Kan. 1995).

AFFIRMED.