**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 27 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

JESSICA KEOUGHAN,

      Plaintiff - Apellant,

vs.

DELTA AIRLINES, INC.,

      Defendant - Appellee.

No. 96-4072
(D.C. No. 95-CV-82)
(D. Utah)

---

ORDER AND JUDGMENT*

---

Before KELLY, HOLLOWAY, and BRISCOE, Circuit Judges.

Plaintiff Jessica Keoughan filed this action against Defendant Delta Airlines, Inc. (Delta), alleging that Delta violated the Americans with Disabilities Act of 1990 (ADA), Pub. L. No. 101-336, 104 Stat. 327 (codified as amended at 29 U.S.C. § 706; 42 U.S.C. §§ 12101-12213; 47 U.S.C. §§ 152, 221, 225, 611).  Delta moved for summary judgment, which the district court granted on the grounds that Ms. Keoughan was not disabled within the meaning of the ADA.  Ms. Keoughan appeals, arguing that the facts surrounding her disability are in dispute.  We exercise jurisdiction pursuant to 28 U.S.C.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

§ 1291 and affirm.

Facts

Ms. Keoughan began her employment with Delta as a flight attendant in 1987. She transferred to Salt Lake City in 1988, where she remained until her termination in 1994. Throughout her employment, Ms. Keoughan had trouble meeting Delta's expectations concerning dependability and attendance. Under Delta's policy, attendants who had six or more periods of absenteeism in one year were rated below standard. In 1993, the number was reduced to five periods. In her nearly six-year career with Delta, Ms. Keoughan was rated below standard four times, and received thirteen notices that her dependability and attendance were unacceptable.

In 1991, Ms. Keoughan was diagnosed with bipolar disorder. She underwent counseling and began taking lithium carbonate. Ms. Keoughan alleges that she sought professional help at the behest of her supervisors, and that she told her supervisors of the diagnosis. Her supervisors deny that they knew about Keoughan's illness until shortly before her termination. She claims that her disorder manifested itself in physical symptoms and severe mood swings, so that her absenteeism at work was a direct result of the disorder. The four times that she missed a flight entirely, however, Ms. Keoughan's reasons had nothing to do with her disorder. The lithium stabilized Ms. Keoughan's disorder, and she stated that she was able to function normally. She stopped taking lithium twice while with Delta, however, and had not taken her medication for at least a

year following her termination.

In 1992, Ms. Keoughan received a warning letter after missing a flight for the fourth time. In September 1992, Ms. Keoughan called in sick, which was her third period of absenteeism in four months. This prompted a final warning, after which any further violations of attendance policy could result in termination. After successfully completing a formal probation in March 1993, Ms. Keoughan had another five periods of absenteeism. As a result, she was suspended in December 1993 and terminated on January 11, 1994.

Discussion

We review the grant of summary judgment de novo, and apply the same legal standard used by the district court under Rule 56(c). United States v. City and County of Denver, 100 F.3d 1509, 1512 (10th Cir. 1996). Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A disputed fact is "material" if it might affect the outcome of the suit under the governing law, and the dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). We construe the factual record and reasonable inferences therefrom in the light most favorable to the nonmovant. Gaylor v. Does, 105

F.3d 572, 574 (10th Cir. 1997).

The ADA prohibits employment discrimination against "a qualified individual with a disability because of the disability of such individual," 42 U.S.C. § 12112(a), and further requires that employers make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability." 42 U.S.C. § 12112(b)(5)(A).  The ADA defines "qualified individual with a disability" as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds . . . ."  42 U.S.C. § 12111(8).  To state a claim under the ADA, then, a plaintiff must show that (1) she is a disabled person within the meaning of the ADA; (2) she is qualified—that is, with or without accommodation she is able to perform the essential functions of the job; and (3) the employer terminated her because of her disability.  White v. York Int'l Corp., 45 F.3d 357, 360-61 (10th Cir. 1995).

The district court reasoned that a disabled individual is not "qualified" if she needs accommodation precisely because she failed to manage an otherwise controllable disorder.  See Siefken v. Village of Arlington Heights, 65 F.3d 664, 666-67 (7th Cir. 1995) (holding that a diabetic who failed to monitor his controllable condition, and who was fired as a result, did not state a cause of action under the ADA).  Citing both Ms. Keoughan's deposition testimony and the affidavit of her expert, Dr. Lionel Mausberg, the district court determined that it was undisputed that Ms. Keoughan's disorder could be

controlled and stabilized with lithium, and therefore she could perform all the essential functions of her job. Because the facts also show that Ms. Keoughan failed to take her lithium, the court granted Delta's motion for summary judgment. Aplt. App. at 21 (citing Seifken, 65 F.3d at 666).

Ms. Keoughan contends that the district court was in error, because there exists a factual dispute as to whether her bipolar disorder can be controlled by lithium. Citing other parts of her deposition and Dr. Mausberg's affidavit, she argues that the evidence establishes only that lithium controls her disorder "in large part." That is not inconsistent, however, with the proposition that had Ms. Keoughan taken her medication, she still could have performed the essential functions of her job.

Regardless, even if we were to agree that it is disputed whether lithium allows Ms. Keoughan to perform all the essential functions of her job, another ground supports the district court's decision. See Bolton v. Scrivner, Inc., 36 F.3d 939, 942 (10th Cir. 1994) (summary judgment may be affirmed "on grounds other than those relied upon by the district court when the record contains an adequate and independent basis for that result"), cert. denied, 115 S. Ct. 1104 (1995).

Under the ADA, a person is a "qualified individual with a disability" if she can perform the essential functions of the job with or without reasonable accommodation. 42 U.S.C. § 12111(8). Ms. Keoughan does not dispute that an essential function of her job with Delta was to show up for work when scheduled. The record also reflects that

attendance was the only essential function that proved difficult for Ms. Keoughan.  Thus, Ms. Keoughan requests that Delta accommodate her disability by increasing the number of times she may miss work without being disciplined.

The accommodation Ms. Keoughan seeks, however, is really not an accommodation at all.  The accommodation she requests will not allow her to perform an essential function—that is, show up for work on a regular and predictable basis—but rather will relieve her of the duty to perform that essential function.  "An accommodation that eliminates the essential function of the job is not reasonable."  Smith v. Blue Cross Blue Shield, 102 F.3d 1075, 1076 (10th Cir. 1996).

AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge