**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 5 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

GEORGE GATEWOOD,

      Plaintiff-Appellant,

v.

AMERICAN AIRLINES, INC.;
SABRE GROUP, INC., formerly
known as Sabre Computer Center,
an Operations Division of American
Airlines,

      Defendants-Appellees.

No. 98-5250
(D.C. No. 97-CV-291)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **PORFILIO** , **BARRETT** , and **HENRY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

\*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiff-appellant George Gatewood appeals the district court's grant of summary judgment in favor of defendants American Airlines, Inc. and SABRE Group, Inc. on his civil rights claims brought pursuant to 42 U.S.C. §§ 2000e-1 through 2000e-17 (Title VII of the Civil Rights Act of 1964) and 42 U.S.C. § 1981; his claims for violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 through 12213 (ADA); and his claims for violation of the Employee Retirement Income Security Act, 29 U.S.C. § 1140 (ERISA).  We affirm.

Plaintiff began working for American Airlines as a computer specialist on March 10, 1986.  On August 20, 1988, plaintiff injured his back while carrying a box of computer paper.  By September 18, 1988, his injury had worsened, and plaintiff was placed on paid injury leave until January 6, 1989, during which time he underwent two surgeries.  Plaintiff returned to work between January 6, 1989 and October 12, 1989, until his injury again required him to discontinue working. Since then, he has undergone two more back surgeries.

Plaintiff was placed on a medical leave of absence on October 12, 1989. Under American Airlines regulations, an employee may only remain on such a leave of absence for five years, thereafter he either must be cleared by American Airlines to return to work or administratively terminated.      See R. I, doc. 40,

Regulation 145-7(B) & (C), p. 27 (authorizing sick leave of absences for employees injured "while on or off duty," but limiting such leave of absences to five years); Appellant's Reply Br., Regulation 145-8(G), pp. 4-5 (setting out benefits for employees injured on duty and stating such injured employees may remain on sick leave of absence for five years before administrative termination).

On August 5, 1992, plaintiff was advised by letter that he would be administratively terminated five years after his leave of absence commenced. Plaintiff did not respond to this letter. On October 10, 1994, his employment with American Airlines was administratively terminated. On October 21, 1996, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), and on March 31, 1997, he filed this action. In September 1997, plaintiff received a right to sue letter from the EEOC.

Plaintiff was represented by three separate attorneys in the district court, but dismissed each of them. On June 24, 1998, defendants filed a motion for summary judgment. After two extensions of time, plaintiff was given until August 10, 1998, to respond to defendants' motion, and was warned that if he failed to respond by then "[d]efendants' statement of undisputed facts will be deemed admitted." R. I, doc. 52 at 2. Plaintiff did not respond by the deadline, instead filing an unsupported response brief on August 11, 1998, and an amended response brief with documentation on August 13, 1998. The district court granted

defendants' motion for summary judgment, taking their undisputed facts as true, and ruling that all of plaintiff's claims were untimely. The court also ruled that plaintiff's ADA claim failed on the merits because he could not establish he was "qualified" for the job; that plaintiff failed to present evidence that defendants' legitimate nondiscriminatory reason for his termination was pretextual; and that his ERISA claims failed because the claimed benefits were not covered by ERISA and because there was no evidence that plaintiff was terminated for any reason other than that advanced by defendants.

We review a grant of summary judgment de novo, applying the same standard as the district court. See Siemon v. AT&T Corp., 117 F.3d 1173, 1175 (10th Cir. 1997). Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When the district court deems a moving party's facts admitted because a nonmoving party failed to timely respond, we review the ensuing grant of summary judgment for an abuse of discretion. See Miller v. Department of the Treasury, 934 F.2d 1161, 1162 (10th Cir. 1991).

We conclude the district court did not abuse its discretion in deeming defendants' uncontroverted facts admitted. Plaintiff was aware of the need to respond to the summary judgment motion, was granted several extensions of time in which to file his response, and was expressly warned that a failure to respond

by August 10, 1998, would result in the acceptance of defendants' facts as admitted. Pro se litigants are required to follow the same rules of procedure, including local court rules, as those governing other litigants. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992); Bradenburg v. Beaman, 632 F.2d 120, 122 (10th Cir. 1980). As defendants' facts were properly deemed admitted, including the fact that plaintiff filed his EEOC complaint more than 300 days after he was terminated and the fact that plaintiff was terminated because he had been on leave of absence for more than five years, summary judgment was appropriate.

Even if we were to consider the evidence submitted by plaintiff, summary judgment would have been proper. Construing plaintiff's exhibits liberally, he may have raised a dispute whether he filed an initial discrimination complaint with the EEOC within 300 days of his termination. This issue is irrelevant, however, because the district court was correct in ruling that plaintiff's claims failed on their merits.

Plaintiff's ADA claim fails because he did not raise a factual dispute whether he was "qualified" to return to his job. Although he argues that his treating physicians released him to return to his former job, no such evidence was presented to the district court, and there is no evidence that plaintiff could perform the lifting requirements of his position. Defendants were not required

under the ADA to accommodate plaintiff's disability by eliminating an essential function of his job.   See Smith v. Blue Cross Blue Shield of Kan., Inc.   , 102 F.3d 1075, 1076 (10th Cir. 1996).  [1]

Plaintiff's race discrimination claim fails because he did not present any evidence that members of other races were treated differently, or that he was terminated for any reason other than defendants' nondiscriminatory policy limiting leave of absences to five years.  Plaintiff attempts to show pretext by arguing that defendants wrongfully terminated him under American Airlines Regulation 145-7, and that, as an employee injured on duty, he should have been kept on the payroll indefinitely pursuant to Regulation 145-8.  This argument is without merit.  Regulation 145-8 provides that after an employee has exhausted his eighty days of injury-on-duty salary continuance, and has either exhausted or elected not to receive his accrued sick leave, the employee is to be placed on an unpaid sick leave of absence for a maximum of five years.   See Regulation 145-8(G), pp. 4-5, attached to plaintiff's Reply Br.  Thus, although plaintiff was

---

[1]     We note that our recent decision in     Smith v. Midland Brake, Inc.   , No. 96-3018, 1999 WL 387498, *19 (10th Cir. June 14, 1999), does not apply because plaintiff did not show that he requested reassignment and did not specifically identify any positions for which he was qualified that were vacant when reassignment was requested.

maintained in an injury-on-duty status during the first eighty days after his back injury, he was properly placed on a sick leave of absence thereafter.

Finally, plaintiff's ERISA claims fail because the claimed benefits are not covered by ERISA, <u>see</u> 29 C.F.R. § 2510.3-1(b) (excluding sick pay, vacation pay, and holiday pay from coverage of employee benefit plans), and because there was no evidence that defendants' proffered reason for the termination was pretextual.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court

Robert H. Henry
Circuit Judge