**Carol DURRANT, Plaintiff,**

v.

**CHEMICAL/CHASE BANK/MANHATTAN BANK, N.A., Defendant.**

**No. 97 Civ. 1609(LAK).**

United States District Court, S.D. New York.

Jan. 28, 2000.

Carol Durrant, Plaintiff, pro se.

Stacy L. Davidson Blecher, for Defendant.

## MEMORANDUM OPINION

KAPLAN, District Judge.

The complaint in this action alleges that defendant violated the Americans With Disabilities Act of 1990 ("ADA")[1] when it terminated plaintiff's employment on January 29, 1993, allegedly by reason of her disability. Defendant The Chase Manhattan Bank, sued herein as Chemical/Chase Bank/Manhattan Bank, N.A. ("Chase"), moves for summary judgment dismissing the complaint.

1. 42 U.S.C. § 12101 *et seq.*

*Facts*

Plaintiff sustained an injury to her left leg in an automobile accident on February 7, 1992. As the injury prevented her from doing her job, she stopped working and received short-term disability benefits from Chase for a period of 26 weeks following the accident. She thereupon applied for long-term disability benefits from the bank and from Social Security. She received Social Security benefits but, after receiving long-term disability from Chase for one month, the bank's doctor determined that she was able to work and those benefits terminated. Despite the view of Chase's doctor, however, plaintiff never returned to work.

In December 1992, plaintiff was hospitalized for depression and remained in inpatient psychiatric care through March 1993. Thereafter, she first was in an acute out-patient program and then in a long-term program for treatment of her depression through 1995. It is undisputed that plaintiff has been unable to work from the date of her accident in 1992 to the present.

On January 21, 1993, Chase wrote to plaintiff at the hospital in which she then was a psychiatric in-patient. The letter stated:

"Our records indicate you have been absent from the Bank since February 7, 1992, which is over six months. There is no information concerning a return to work in the near future and you are not covered by Long Term Disability Insurance."

"If you are planning to return to work, please contact your Human Resources Representative . . .

"If we do not hear from you by January 29, 1993, your employment will be terminated as of that day."

Upon receipt of the letter, plaintiff's social worker telephoned the bank and informed it that plaintiff still was hospitalized and incapable of returning to work. On Janu-

ary 29, 1993, the bank terminated plaintiff's employment.

### Discussion

Chase seeks summary judgment dismissing the complaint on the grounds that plaintiff has failed to establish that she had a disability within the meaning of the ADA and, in any case, that she could not perform the essential functions of her job, with or without reasonable accommodation. In any case, it argues that plaintiff never requested a reasonable accommodation. Plaintiff acknowledges that she was unable to perform her job at any relevant time, but argues that the bank was obliged to accommodate her by extending her leave rather than terminating her. Moreover, she contends that the bank's action in terminating her aggravated her depression and prevented her from returning to work.

### Disability

Broadly stated, the ADA, to the extent relevant here, prohibits discrimination "against a qualified individual with a disability because of the disability ... in regard to ... discharge of employees...." [2] " '[Q]ualified individual with a disability' means an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds...." [3] "Disability" means (a) "a physical or mental impairment that substantially limits one or more of the major life activities of such individual," (b) "a record of such impairment; or" (c) "being regarded as having such an impairment." [4]

The bank's threshold contention is that plaintiff was not a "qualified individual with a disability" because she did not have a disability within the meaning of the Act. It argues principally that her leg injury was the sort of "temporary, non-chronic impairment[ ] of short duration" that usually does not constitute a disability.[5] It goes on to suggest, albeit without citation of authority, that the subsequent depression also was not a disability within the meaning of the Act.[6]

The Court assumes that the leg injury was the sort of temporary, non-chronic problem that does not amount to a disability.[7] The ADA, however, makes clear that mental as well as physical impairments may constitute disabilities within its intendment.[8] As Chase acknowledges, the test of whether an impairment is substantially limiting requires consideration of a number of factors including "(1) the nature and severity of the impairment, (2) the duration or expected duration of the impairment, and (3) the permanent or long term impact, or the expected or long term impact of, or resulting from, the impairment." Hence, although courts often have found that persons suffering from depression were not disabled, this result does not follow as a matter of course in every case. Rather, the question must be addressed on the specific facts according to the criteria set forth in the pertinent regulation.[9]

In moving for summary judgment, Chase assumed the burden of demonstrating the absence of a genuine issue as to any material fact. It has not established that the severity of plaintiff's depression, its anticipated duration at the time she was fired, and its permanent or long term impact were such that plaintiff was not then substantially limited in the major life activity of working.[10] Moreover, the

---

2. *Id.* at § 1211–(a).

3. *Id.* at § 12111(8).

4. *Id.* at § 12102(2).

5. Def.Mem. at 12 (quoting 29 C.F.R. § 1630.2(j)).

6. *Id.* at 14.

7. *See* 29 C.F.R. § 1630.2(j).

8. 42 U.S.C. § 12102(2)(A).

9. *E.g., Schneiker v. Fortis Ins. Co.,* 200 F.3d 1055, —— (7th Cir.2000).

10. The Supreme Court has raised some doubt as to whether "working" should be regarded as a "major life activity" under the ADA. *See Sutton v. United Air Lines, Inc.,* 527 U.S. 471, 119 S.Ct. 2139, 2151, 144 L.Ed.2d 450 (1999). Here, however, Chase has assumed

Court is obliged on this motion to resolve all ambiguities and draw all reasonable inferences against the moving party. In consequence, the Court must assume for purposes of this motion that plaintiff in January 1993 was substantially limited by her depression in the major life activity of working and therefore disabled within the meaning of the ADA.

*Qualified Individual*

Chase's next contention is that plaintiff, even if disabled, was unable to perform the essential functions of her job, with or without reasonable accommodation, and that she therefore was not a "qualified individual" protected by the Act.

It is undisputed that plaintiff at all relevant times was unable to perform the essential functions of her job without reasonable accommodation. The questions therefore are whether (1) she would have been able to do so with the only accommodation she now suggests would have been appropriate–a further leave of absence and, if so, (2) such a leave of absence constitutes a reasonable accommodation.

As to the first question, the bank argues that plaintiff has been unable·to perform the essential functions of her job at any time since she was terminated in January 1993 and that it therefore is obvious that any additional leave of absence of reasonable duration would not have enabled her to return to work. Plaintiff rejoins that her depression was aggravated by defendant's action in terminating her while she was disabled and that she thereby was rendered unable to work.[11]

As indicated previously, defendant bears the burden of demonstrating the absence of a genuine issue of material fact. It has not established that defendant would have been unable to return to work if the bank had extended her leave instead of firing her. While plaintiff may be unable to prove that her disability was thus aggravated by her firing, that is a matter for determination at trial.[12] For present purposes, the Court is bound to assume that it was so aggravated.

That brings us to the question whether plaintiff ever sought a reasonable accommodation, which involves both whether she sought further leave and, if so, whether the leave she sought was reasonable.

The record on the first of these points is ambiguous. On one hand, plaintiff conceded in her deposition that she never requested any accommodation from Chase.[13] On the other hand, plaintiff has stated that "the Bank could have given me the one thing I needed, TIME ...",[14] thus perhaps implying that she asked Chase to extend her leave. But the Court need not determine whether plaintiff's affidavit may be read so broadly. While an employer may not discriminate in violation of the statute absent knowledge of a disability[15] and ordinarily is not obliged to offer accommodations in the absence of an employee request,[16] these principles do not govern this case.

Here, it is crystal clear that the bank knew that plaintiff was hospitalized for psychiatric reasons at the time it sent the

that it does, so the Court follows suit for purposes of this motion. *See Schneiker,* 200 F.3d at 1062 n. 2.

**11.** Durrant Aff. ¶ 13.I.

**12.** There may well be a substantial question as to whether plaintiff's lay opinion as to the reason her depression persisted beyond early 1993 would be admissible at trial.

**13.** Durrant Dep. at 35–39, 46–47, 52.

**14.** *E.g.,* Durrant Aff. ¶ 14.

**15.** *See, e.g., Miller v. Nat'l Cas. Co.,* 61 F.3d 627, 629 (8th Cir.1995); *Gonsalves v. J.F. Fredericks Tool Co.,* 964 F.Supp. 616, 622–23 (D.Conn.1997); *Stola v. Joint Ind. Board,* 889 F.Supp. 133, 135 (S.D.N.Y.1995).

**16.** *See, e.g., DeMar v. Car–Freshner Corp.,* 49 F.Supp.2d 84, 95 (N.D.N.Y.1999); *Gonsalves,* 964 F.Supp. at 622–23.

January 21, 1993 letter and subsequently terminated her. Indeed, the evidence is consistent with an inference that it then terminated plaintiff after a prolonged medical leave precisely because it learned that her problems had expanded into the mental health sphere. In any event, however, plaintiff is entitled on this motion to the benefit of the inference that the bank knew in January 1993 that she was not capable of responding to its inquiry, yet made no serious effort to ascertain her condition before firing her, let alone to learn whether some brief or reasonable extension of her leave [17] would enable her to return to work. In these circumstances, the bank has failed to establish that there is no genuine issue as to whether plaintiff was a qualified individual in that she could have returned to work and performed the essential functions of her job had the bank afforded her a reasonable accommodation, i.e., an additional leave of reasonable duration.[18]

### Conclusion

For the foregoing reason, Chase's motion for summary judgment dismissing the complaint is denied.

SO ORDERED.

---

**17.** While the bank surely would not have been obliged to afford plaintiff an indefinite or unlimited leave, the Court cannot now exclude the possibility that a shorter leave might have been a reasonable accommodation. Indeed, the bank assumes that it would have been. Def. Mem. at 19–20.

**18.** *Cf. Stola,* 889 F.Supp. at 135 (suggesting that employer aware of obvious mental illness may be obliged to offer reasonable accommodation even absent request).