FILED
United States Court of Appeals
Tenth Circuit

August 16, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

      Plaintiff-Appellant,

v.

TRICORE REFERENCE
LABORATORIES,

      Defendant-Appellee.

————————————————————

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

      Plaintiff–Appellant,

v.

TRICORE REFERENCE
LABORATORIES,

      Defendant–Appellee,

— — — — — — — — — — — — — — — — — — — —

EQUAL EMPLOYMENT ADVISORY
COUNSEL; NFIB SMALL BUSINESS
LEGAL CENTER; CHAMBER OF
COMMERCE OF THE UNITED
STATES OF AMERICA,

      Amici Curiae.

No. 11-2096
(D.C. No. 1:09-CV-00956-JEC-DJS)
(D. N.M.)

No. 11-2247
(D.C. No. 1:09-CV-00956-JEC-DJS)
(D. N.M.)

## ORDER AND JUDGMENT[*]

Before **O'BRIEN** and **McKAY**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

The Equal Employment Opportunity Commission (EEOC) brought this action claiming TriCore Reference Laboratories (TriCore) violated the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12101-12213, when it terminated Rhonda Wagoner-Alison's employment.[1] Substantiating the old saw that no good deed goes unpunished, the EEOC persisted in litigating this case in spite of clear evidence that TriCore went well beyond ADA requirements in trying to oblige an employee.[2] Continuing its chosen course, it appeals from a

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] In its complaint, the EEOC also asserted TriCore violated the ADA by failing to accommodate Wagoner-Alison's disability. The EEOC no longer asserts the claim.

[2] See footnote 7, infra.

summary judgment entered in favor of TriCore and from the grant of attorney's

fees to TriCore. We affirm.[3]

## BACKGROUND

Wagoner-Alison worked for TriCore as a Clinical Lab Assistant II

(CLA II). Her duties consisted of performing phlebotomy, registering patients,

and processing specimens. Standing and walking for one-third to two-thirds of a

work day, by her admission as well as by job description, were essential functions

of the CLA II job. In addition, the CLA II job required her to be able to climb,

balance, stoop, kneel, crouch, or crawl one-third of the day.

In February 2006, Wagoner-Alison had surgery on her left foot and ankle

and took leave under the Family Medical Leave Act (FMLA) to recover. In

March she returned to work with her doctor's approval, to a part-time, desk job

doing only the patient registration portion of the CLA II job. In June, she

resumed working full-time, performing all of the CLA II duties.

On May 18, 2007, Wagoner-Alison had surgery on her right foot and ankle

and took leave under the FMLA to recover. Less than a month after surgery, she

provided TriCore with a doctor's note indicating she could return to a

non-weight-bearing desk job. On August 8, however, her doctor, in responding to

a request for more information, said she was precluded from working for three

---

[3]     Our jurisdiction derives from 28 U.S.C. § 1291.

months after her surgery. By August 10 she had exhausted her FMLA entitlement, but TriCore granted additional leave through August 20. Her doctor said she could return to work on August 20, to a full-time, light-duty desk job with walking or standing limited to one-to-two hours per day intermittently, but with no climbing, balancing, stooping, kneeling, crawling, pushing, pulling, or lifting. The doctor also directed her to keep her right foot elevated. Based on these restrictions, she was unable to perform essential functions of the CLA II job.

On August 21, Wagoner-Alison returned to work as a CLA II on a reduced schedule and was assigned to perform patient registration duties for a thirty-day trial period. During those thirty days, her many errors threatened patient safety; she was coached about the errors. On September 14, TriCore placed her on unpaid leave for three weeks and encouraged her to apply for other internal positions, but she did not do so. Instead, she applied for (and later received) Social Security disability benefits based on her inability to stand or walk for any length of time. TriCore terminated her employment on October 8.

The EEOC filed suit asserting TriCore had discriminated against Wagoner-Alison in violation of the ADA by failing to provide her with a reasonable accommodation and by terminating her employment. TriCore moved for summary judgment, arguing the ADA did not apply to Wagoner-Alison, because she was not a qualified individual with a disability. Specifically TriCore

-4-

argued she could not perform the essential functions of the CLA II job with or without accommodation. The district court concluded Wagoner-Alison failed to prove a prima facie case of discrimination. First, it determined she could not perform the essential functions of the CLA II job, namely walking or standing for up to two-thirds of an eight-hour work day, with or without accommodation. Next, it determined there was no possible explanation how her representations to the Social Security Administration--that she could not stand or walk for five-to-ten minutes or take more than fifteen steps without an hour of rest--were inconsistent with the walking and standing requirements of the CLA II job. Finally, it determined the undisputed material facts showed TriCore did not terminate Wagoner-Alison due to her disability; rather, it ended her patient-registration duties because she made numerous errors. The court noted the record evidence supporting its conclusion was disputed only by Wagoner-Alison's self-serving statements, which were insufficient to create a genuine dispute of material fact. The EEOC appealed (No. 11-2096).

In granting TriCore's motion to recover attorney's fees under 42 U.S.C. § 12205 the district court decided EEOC's claims were frivolous, unreasonable, and without foundation.[4] Since the EEOC admitted standing and walking were

---

[4] "In any action . . . the court . . . , in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual." 42 U.S.C. § 12205.

essential functions, the court concluded it should have recognized as of April 8, 2010--the date it answered TriCore's requests for admission--it could not prove a prima facie case based on TriCore's alleged refusal to accommodate Wagner-Alison's disability, which precluded her from walking and standing. Likewise, the court decided, the EEOC should have been aware as of June 4, 2010—when TriCore sent the EEOC a letter setting out deficiencies in the EEOC's case—that the disability claim lacked merit.

After the district court made the above determinations, TriCore sought fees in the amount of $140,571.62 for work performed after April 8, 2010. The EEOC did not dispute the amount, but continued to assert its opposition to any fee award. Determining the fee request was reasonable, the court granted the amount of fees sought. The EEOC again appealed (No. 11-2247).

*I. APPEAL NO. 11-2096--MERITS*

The EEOC argues only that TriCore's reasons for terminating Wagoner-Alison's employment were a pretext for discrimination. But the district court had no occasion to address pretext because it concluded Wagoner-Alison failed to make a prima facie showing of discrimination. Consequently, we construe the EEOC's appeal to challenge, at most, the court's prima facie case holding.

## A. STANDARD OF REVIEW

We review the district court's grant of summary judgment de novo, applying the same standard used by the district court. *Duvall v. Georgia-Pacific Consumer Prods., L.P.*, 607 F.3d 1255, 1259 (10th Cir. 2010). Under these standards, we will affirm if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We consider the evidence in the light most favorable to Wagoner-Alison. *See Duvall*, 607 F.3d at 1259.

## B. DISCUSSION

The ADA prohibits an employer from discriminating "against a qualified individual on the basis of disability in regard to . . . discharge." 42 U.S.C. § 12112(a); *see Smith v. Midland Brake, Inc.*, 180 F.3d 1154, 1164 (10th Cir. 1999) (en banc). A "qualified individual" is "an individual [who], with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8); *see also Duvall*, 607 F.3d at 1262 ("To be covered under the statute, the disabled employee must be capable of performing the essential core of the job at issue.").

At the threshold, the EEOC must make a prima facie showing consisting of three things: (1) Wagoner-Alison is disabled as defined by the ADA; (2) she is qualified to perform the essential functions of the CLA II job or another job she

desires with or without reasonable accommodation; and (3) TriCore "terminated her employment under circumstances which give rise to an inference that the termination was based on her disability." *Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1323 (10th Cir. 1997). Each of these three must be shown; if one is not shown, the others need not be addressed. *Hennagir v. Utah Dep't of Corr.*, 587 F.3d 1255, 1261-62 (10th Cir. 2009).

Wagoner-Alison meets the first element. The second element (qualification) is determined by two criteria: "First, . . . whether [she] can perform the essential functions of the job. . . . Second, *if (but only if)* [we] conclude[ she] is unable to perform the essential functions of the job, [we] determine[] whether any reasonable accommodation by [TriCore] would enable her to perform those functions." *Mason v. Avaya Commc'ns, Inc.*, 357 F.3d 1114, 1118 (10th Cir. 2004) (internal quotation marks omitted).

Neither of these required showings has been met. The EEOC concedes Wagoner-Alison cannot perform the required standing or walking--both essential functions of a CLA II. Moreover, it does not challenge the district court's conclusion that it failed to present a prima facie case of failure to accommodate. *See Hennagir*, 587 F.3d at 1265 n.3 (limiting review to accommodation proposed by plaintiff).[5]

---

[5]     Indeed, the EEOC expressly states in its opening brief it no longer asserts a failure-to-accommodate claim.

Despite Wagoner-Alison's inability to perform the essential functions of a CLA II job, TriCore continued her employment without reduction of pay or benefits but required only that she perform the patient registration portion of the job, an accommodation that was not required under the law. In essence, it created a new job for her. Creating a new job by eliminating or modifying essential job functions instead of accommodating the job's essential functions is not required under the ADA. *See Duvall*, 607 F.3d at 1262; *Hennagir*, 587 F.3d at 1264; *Mason*, 357 F.3d at 1123*; Smith v. Blue Cross Blue Shield of Kan., Inc.*, 102 F.3d 1075, 1076 (10th Cir. 1996). Although registering patients was a part of the CLA II duties, it was only a part of the required duties; the ADA does not require TriCore to permit an employee to perform only the sedentary functions of the CLA II job.[6] *Cf. Frazier v. Simmons*, 254 F.3d 1247, 1260 (10th Cir. 2001) (recognizing that paperwork was part of job duties, but job was not created to provide administrative assistance). TriCore went beyond what was required by the ADA by placing Wagoner-Alison in the registration-only desk job.[7] As a

---

[6]     The Social Security disability determination specifically indicated she could not perform sedentary work. *See generally Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 798, 805-06 (1999) (requiring, on summary judgment, explanation for why social security disability claim of inability to work is consistent with ADA claim that person can perform essential job functions with reasonable accommodation).

[7]     TriCore should not be punished for going beyond what it was required by the ADA to do. *See Terrell v. USAir*, 132 F.3d 621, 626 n.6 (11th Cir. 1998) ("An employer that bends over backwards to accommodate a disabled worker must not be punished for its generosity by being deemed to have conceded the

matter of law Wagoner-Alison is not a qualified individual with a disability under the ADA because she cannot perform the essential functions of the CLA II job with or without reasonable accommodation.[8]

Although our analysis could end here, we proceed to consider the third requirement for a prima facie case--whether TriCore terminated Wagoner-Alison's employment under circumstances giving rise to an inference her termination was based on her disability. We conclude the EEOC failed to make the required showing. As the district court correctly concluded, the termination of her employment came as a result of repeated errors threatening patient safety. Other than her self-serving and unconvincing statements, nothing in the appendices suggests her termination was for some other, unlawfully discriminatory, reason.

---

reasonableness of so far-reaching an accommodation." (further quotation omitted)); *Sieberns v. Wal-Mart Stores, Inc.*, 125 F.3d 1019, 1023 (7th Cir. 1997) ("Employers should not be discouraged from doing more than the ADA requires even if the extra effort that perhaps raises . . . expectations does not work out."); *Vande Zande v. Wis. Dep't of Admin.*, 44 F.3d 538, 545 (7th Cir. 1995) ("[I]f the employer, because it is a government agency . . ., bends over backwards to accommodate a disabled worker—goes further than the law requires . . . it must not be punished for its generosity by being deemed to have conceded the reasonableness of so far-reaching an accommodation.").

[8]     Under § 12111(8), a qualified individual is also an individual who can, with or without accommodation, perform the essential functions of the job she desires. The EEOC does not argue Wagoner-Alison desired a job other than the registration job created by TriCore.

The EEOC failed to make a prima facie showing of discrimination under the ADA. The court appropriately entered summary judgment against it.

## II.  APPEAL NO. 11-2247--ATTORNEY'S FEES

According to the EEOC, the district court abused its discretion in awarding attorney's fees to TriCore because neither its termination claim nor its accommodation claim were frivolous at any point in the proceedings.  "[A] district court may in its discretion award attorney's fees to a prevailing defendant . . . upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith[,]" or "that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 422 (1978) (Title VII case); *see* 42 U.S.C. § 12205 (ADA); *Roe v. Cheyenne Mountain Conference Resort, Inc.*, 124 F.3d 1221, 1232 (10th Cir. 1997) (holding claims for attorney's fees under ADA should be treated like claims for fees under Title VII or 42 U.S.C. § 1988).  Only in the rare case will this difficult standard be met. *Mitchell v. City of Moore*, *Okla.,* 218 F.3d 1190, 1203 (10th Cir. 2000).  In determining if a claim is frivolous, unreasonable, or without foundation, a district court must not use *post hoc* reasoning to conclude that because the plaintiff did not prevail fees are warranted.  *Christiansburg Garment Co.*, 434 U.S. at 421-22. Dismissal of claims at the summary-judgment stage will not automatically meet the standard for imposing fees against the plaintiff.  *Mitchell*, 218 F.3d at 1203.

-11-

Our review is limited to whether the district court abused its discretion. Under the abuse-of-discretion standard, we review to determine if the district court "made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1257 (10th Cir. 2005). Under the facts of this case, the district court did not abuse its discretion.

The EEOC continued to litigate the failure-to-accommodate and termination claims after it became clear there were no grounds upon which to proceed. In so concluding the court even identified precisely when the EEOC should have stopped pursuing these claims; the accommodation claim clearly became frivolous, unreasonable, and without foundation on April 8, 2010, when the EEOC admitted standing and walking--which Wagoner-Alison could not do--were essential functions of the CLA II position. Additionally, as the court found, the termination claim became frivolous, unreasonable, and without foundation on June 4, 2010, when (after some discovery) TriCore sent a letter to the EEOC setting out the legal and factual insufficiency of the claim. TriCore stated Wagoner-Alison could not perform the phlebotomy portion of the CLA II job and there was no reasonable accommodation to be made that would allow her to perform the phlebotomy duties. Furthermore, TriCore noted she made many errors with patient registration that threatened patient safety, which resulted in her termination. TriCore ended the letter by informing the EEOC it would file a

motion for summary judgment and would ask for attorney's fees if the EEOC did not dismiss the lawsuit.

The EEOC, however, chose to continue litigation. The summary judgment, based on the EEOC's failure to present even a prima facie case, did not conflict with the Supreme Court's admonishment against *post hoc* reasoning. The award of attorney's fees was a permissible choice and not a clear error of judgment; the court offered sound reasons for awarding fees to TriCore. There was no abuse of discretion. *Cf. EEOC v. Agro Distribution, LLC*, 555 F.3d 462, 472-73 (5th Cir. 2009) (concluding district court did not abuse its discretion in awarding fees when EEOC proceeded with case after deposition testimony revealed there was no claim).

## III.  ATTORNEY'S FEES FOR APPEAL NO. 11-2096

By separate motion in appeal No. 11-2096, TriCore moves for damages and costs pursuant to Fed. R. App. P. 38.[9] Under Rule 38, we may award damages and costs if an appeal is frivolous. TriCore asserts the appeal is frivolous because the EEOC does not even argue that the district court erred in determining the EEOC failed to establish a prima facie case of ADA discrimination. It is correct and we exercise our discretion to award damages and costs. *See Roth v. Green*,

---

[9]     In its brief in appeal No. 11-2247, TriCore requests appellate attorney's fees. It did not, however, file a separate motion, as Rule 38 requires. Thus, the request is DENIED.

466 F.3d 1179, 1188 (10th Cir. 2006) (recognizing award under Rule 38 is matter of discretion). The amount of such damages shall be determined by the district court upon proper proofs.

*IV. CONCLUSION*

The district court's judgment on the merits is AFFIRMED. Its orders in the attorney's fees appeal are AFFIRMED.[10] TriCore's Rule 38 motion in case No. 11-2096 is GRANTED on the terms stated.

Entered for the Court

Terrence L. O'Brien
Circuit Judge

---

[10] Like the district court, in deciding these appeals, we did not rely on the materials attached to TriCore's summary judgment reply brief.