**UNITED STATES COURT OF APPEALS**
**Filed 12/10/96**
**TENTH CIRCUIT**

RAYMOND HERSCHEL JOHNSON,

      Petitioner-Appellant,

v.

RITA ANDREWS, Warden;
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

      Respondents-Appellees.

No. 96-7024
(D.C. No. CIV-95-344-S)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before BRORBY, EBEL, and HENRY, Circuit Judges.[**]

This is a pro se habeas corpus case brought under 28 U.S.C. § 2254.

Petitioner-Appellant Raymond Herschel Johnson filed a motion to proceed in

forma pauperis pursuant to 28 U.S.C. § 1915, and the district court granted that

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

motion.[1]  In a minute order, the district court dismissed the petition for failure to comply with Rule 5 of the Rules of the United States District Court for the Eastern District of Oklahoma, which requires habeas petitions to conform with the uniform rules of ancillary forms for use in District Courts within the Tenth Circuit.  E.D. Okla. R. 5(1); see also Rules Governing § 2254 Cases, Rule 2(c) (authorizing district courts to enact local rules requiring § 2254 petitions to be filed in a prescribed form).  Johnson now seeks a certificate of appealability.[2]  Alternately, Johnson asks us to issue a writ of mandamus against the district court clerk to allow his case to proceed on the merits.  For the following reasons, we hereby deny both requests.

We liberally construe pro se petitions.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, such petitions must comply with the minimal requirements of local rules.  See  Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992), cert. denied, 507 U.S. 940 (1993); Rules Governing § 2254 Cases, Rule 2(e).  We have

---

[1]Since Johnson filed his notice of appeal on February 6, 1996, prior to the enactment of the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996), the Act's amendments to 28 U.S.C. 1915 do not apply here. White v. Gregory, 87 F.3d 429, 430 (10th Cir. 1996), cert. denied, -- S. Ct. --, 1996 WL 604229 (Dec. 2, 1996).

[2]We have held that Section 102 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 164-132, tit. 1, 110 Stat. 1214, 1217-19 (1996), applies to all pending cases.  Lennox v. Evans, 87 F.3d 431 (10th Cir. 1996). Section 102 amended 28 U.S.C. § 2253, replacing the previous "certificate of probable cause" procedure with the "certificate of appealability."

recognized that local rules regulating the form of habeas petitions "promote judicial efficiency in processing pro se litigation [and] . . . assist lay petitioners in understanding the types of claims cognizable under the various statutes." Brandenburg v. Beaman, 632 F.2d 120, 122 (10th Cir. 1980) (per curiam), cert. denied, 450 U.S. 984 (1981).

Johnson's pro se petition is deficient in the following respects. First, the petition was not submitted on a proper form. The petition was submitted on a form dealing with habeas motions, but not the form in use in the Tenth Circuit.[3] Because the form used by Johnson was substantially different from that currently in use, the district court requested that Johnson submit his petition on the proper form within thirty days of the filing of his initial petition. He did not do so. Second, the petition submitted by Johnson did not contain some of the essential information requested by the standard form, such as a statement of the basis for challenging his conviction, descriptions of any previous habeas petitions, and an explanation as to whether he had exhausted state remedies. Thus, it did not provide the district court with adequate information to determine whether relief was available. Finally, it is difficult to determine whether Johnson's petition

---

[3]Apparently the form used by Johnson was either an outdated form from another district in Oklahoma, or a partial version of the form currently in use in the Tenth Circuit.

actually sought relief under 28 U.S.C. § 2254, or rather was intended to be a 42 U.S.C. § 1983 action.[4]

Thus, Johnson has not made "a substantial showing of the denial of a constitutional right" arising from the district court's dismissal of his petition for failure to use the proper form. 28 U.S.C. § 2253(c)(2). Accordingly, Johnson's request for a certificate of probable cause to bring an appeal is DENIED. Because the district court clerk did not violate a clear duty in dismissing Johnson's petition, Johnson's petition for a writ of mandamus is also DENIED.[5]

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

---

[4]While Johnson labeled his petition a § 2254 claim, and filed it using a form apparently designed for use in § 2254 actions, he concedes that he does not challenge his conviction or sentence and that he would have brought his claim under 42 U.S.C. § 1983 were he not enjoined from bringing such suits by the United States District Courts for both the Eastern and Western districts of Oklahoma. If Johnson wishes to bring a pro se claim under § 1983 in the Eastern or Western District of Oklahoma, he must first go to the appropriate district court and obtain permission to file such a claim, or he must otherwise ask that court to lift its bar. We will not allow Johnson to avoid those bars by the simple expediency of mislabeling his action.

[5]Johnson has also asked us to consolidate his case with a class action pending in the Eastern District of Oklahoma, and to assign Louis Bullock as his attorney. The district court did not reach those issues because Johnson's petition was dismissed due to his failure to use the proper forms. Because we affirm the district court's decision in that regard, we do not reach those issues either.

- 4 -