FILED
United States Court of Appeals
Tenth Circuit

December 19, 2008

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENHC CIRCUIT

BENNY R. SMITH,

     Petitioner - Appellant,

v.

DAVID R. MCKUNE, Warden,
Lansing Correctional Facility; PAUL
MORRISON, Attorney General of the
State of Kansas,

     Respondents - Appellees.

No. 08-3255
(D.C. No. 07-CV-03327-SAC)
(D. Kan.)

**ORDER**

Before **TACHA**, **KELLY**, and **McCONNELL**, Circuit Judges.[*]

     Petitioner-Appellant Benny R. Smith, a state inmate appearing pro se, seeks

a certificate of appealability ("COA") allowing him to appeal the denial of his

petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254. The

district court dismissed the action as untimely under the one-year limitation

period contained in 28 U.S.C. § 2244(d)(1). Mr. Smith argues that the limitation

period should be equitably tolled because there was a fundamental miscarriage of

---

[*] After examining the briefs and the appellate record, this three-judge panel
has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

justice and because he experienced difficulties in filing an appeal of the denial of his state post-conviction motion. We deny a COA and dismiss the appeal.

Mr. Smith was convicted of premeditated first-degree murder. The Kansas Supreme Court affirmed the conviction on June 25, 2004. State v. Smith, 92 P.3d 1096 (Kan. 2004). On March 11, 2005, he filed an application for post-conviction relief pursuant to Kan. Stat. Ann. § 60-1507. Relief was denied in an order filed on June 28, 2005. 1 R. Doc. 1 Ex. 16(a). On December 27, 2007, Mr. Smith filed this petition for habeas corpus relief, which was denied by the district court. 1 R. Doc. 11.

In order for this court to grant a COA, Mr. Smith must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the district court's denial of habeas relief is based on a procedural ground, he must show that jurists of reason would find it debatable (1) whether the district court was correct in its procedural ruling, and (2) whether the petition stated a valid claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). If he cannot make a threshold showing on the procedural issue, we need not address the constitutional issues. Id.

A one-year limitations period applies to habeas petitions, marked from the date a conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). Mr. Smith's direct appeal was decided on June 25, 2004, and the time limit to seek certiorari review in the United States Supreme Court expired on September 23, 2004. See Rule

13.1, Rules of the Supreme Court. The limitation period began running as of that date. However, the limitation period is tolled during the time when a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Therefore, Mr. Smith's action pursuant to Kan. Stat. Ann. § 60-1507 tolled the period for 107 days, from March 11, 2005, to June 28, 2005. Then the limitation period again commenced to run because he did not perfect an appeal,[1] and expired on January 9, 2006. Given that this habeas petition was not filed until December 2007, Mr. Smith clearly failed to bring a timely action.[2]

We of course accept that the limitation period may be equitably tolled under "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799,

---

[1] Although the state district court appointed the appellate public defender to represent him, it appears that Mr. Smith elected to proceed pro se, but was unable to submit the proper materials to have the appeal docketed. Smith v. Sedgwick County Dist. Ct., No. 06-cv-03137, Doc. 7, Ex. 2, 3 (D. Kan. May 26, 2006).

[2] Mr. Smith filed his first § 2254 petition on May 8, 2006. Smith, No. 06-cv-03137, Doc. 1. Initially, the district court determined that the § 2254 petition was untimely on the mistaken assumption that no direct appeal was had. Id., Doc. 5 at 2-3 (D. Kan. May 16, 2006). The district court then discovered the existence of a direct appeal and concluded without analysis that the § 2254 petition was timely. Id., Doc. 19 at 1-2 (D. Kan. Jan. 17, 2007). The district court ultimately dismissed the petition without prejudice based upon a failure to exhaust and non-compliance with its rules, and reminded Mr. Smith that the one-year limitation period would continue to run. Id., Doc. 25 (D. Kan. Mar. 1, 2007). Mr. Smith appealed and we denied a COA and dismissed his appeal, leaving the dismissal without prejudice in place. Smith v. Sedgwick County Dist. Ct., 244 Fed. App'x 199 (10th Cir. 2007).

808 (10th Cir. 2000) (citation omitted). Mr. Smith argues that his case presents such an exceptional circumstance because he contends that there was a fundamental miscarriage of justice. A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986). Having examined the petition, we conclude that Mr. Smith has not supported his allegations of constitutional error with new reliable evidence and has not shown that it is more likely than not that no reasonable juror would have convicted him in light of this new evidence. See Cummings v. Sirmons, 506 F.3d 1211, 1223 (10th Cir. 2007). Furthermore, while we appreciate the difficulties Mr. Smith encountered proceeding pro se concerning the appeal of his state post-conviction motion, we note that Mr. Smith's prior § 2254 action (where the district court considered the petition timely and sought to sort out exhaustion issues) was dismissed for non-compliance with local procedure. In light of the above, we cannot say that extraordinary circumstances beyond Mr. Smith's control require equitable tolling. See Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Mr. Smith's action was untimely.

We DENY the motion for a COA and DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

-4-